UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:19-cr-00107-KJM |
| Plaintiff, | ORDER |
| v. | |
| Daniel Troxell, | |
| Defendant. | |

Defendant Daniel Troxell moves for a judgment of acquittal or a new trial under Federal Rule of Criminal Procedure 29. As explained in this order, the motion is **denied**.

The government indicted Troxell on two charges under the Racketeer Influenced and Corrupt Organizations (RICO) Act. *See* Indictment, ECF No. 25; Superseding Indictment, ECF No. 1375. First, the government charged he was a member of the California Aryan Brotherhood, a prison gang, and part of a criminal enterprise whose members committed murders and trafficked narcotics. *See* Superseding Indictment ¶¶ 24–35 (citing 18 U.S.C. § 1962(d)). This charge included several special sentencing factors. In charging one of the factors, the government alleged Troxell had conspired with his codefendant, Ronald Yandell, to murder a man named James Mickey in violation of California law. *Id.* ¶ 30. Second, the government charged the alleged conspiracy to murder Mickey was in pursuit of the Aryan Brotherhood's goals and thus a violation of 18 U.S.C. § 1959(a)(5). *Id.* ¶¶ 40–41.

1

1    The court presided over a jury trial in the case against Troxell, Yandell and a third defendant, William Sylvester, in spring 2024. *See* Mins., ECF Nos. 1912, 2314. During trial, the government presented evidence that Yandell and Troxell believed Mickey, also a member of the Aryan Brotherhood, had not abided by the gang's rules, such as by failing to pay money to the gang's leadership and by not exacting revenge against one of the gang's enemies when he had a chance, which was their justification for directing his murder. *See* Gov't Exs. 119, 119A. Yandell and Troxell spoke about their plan as it was underway. *See* Gov't Exs. 120, 12A. They solicited the help of a co-conspirator, Travis Burhop, *see, e.g.*, Trial Tr. Day 13 (Mar. 12, 2024) at 131, and spoke with him about who would commit the murder and when, *see* Gov't Exs. 118, 118A, 120, 120A; Trial Tr. Day 13 (Mar. 12, 2024) at 135–36.

The court instructed the jury it could convict only if the members of each of the alleged conspiracies "had an agreement and intent to commit murder." Final Jury Instr. No. 36, ECF No. 2298. The court also instructed the jury that the government had to prove beyond a reasonable doubt that "one of the persons committed at least one overt act to accomplish the killing." *Id.* The jury unanimously found Troxell was guilty on both counts against him. *See* Verdict at 6, ECF No. 2317.

Troxell now moves for judgment of acquittal or, in the alternative, for a new trial under Federal Rule of Criminal Procedure 29(a). ECF No. 2378. He argues the government did not prove "an overt act occurred after an agreement had been made to kill the victim named in Count Three." *Id.* at 2 (emphasis omitted). He also argues the government "erroneously invited the jury to find an overt act based on conduct occurring before an agreement to commit murder existed or after the murder had been completed." *Id.* The government opposes the motion, ECF No. 2392, and the court took the matter under submission after hearing oral arguments on October 15, 2025, ECF No. 2812 (minutes). Jason Hitt appeared for the government, and Todd Leras appeared for Troxell.

A criminal defendant may obtain a judgment of acquittal under Rule 29 by showing "the evidence is insufficient to sustain a verdict." Fed. R. Crim. P. 29(a). If, as in this case, "the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." Fed. R.

2

Crim. P. 29(c)(2). The court views the evidence offered at trial "in the light most favorable to the prosecution." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc). The court "may not usurp the role of the finder of fact by considering how it would have resolved the conflicts, made the inferences, or considered the evidence at trial." *Id.* "Rather, when 'faced with a record of historical facts that supports conflicting inferences' a reviewing court 'must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 326 (1979)). The court must then "determine whether [the] evidence, so viewed, is adequate to allow 'any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Jackson*, 443 U.S. at 319) (other alterations and emphasis omitted). "This second step protects against rare occasions in which 'a properly instructed jury may convict even when it can be said that no rational trier of fact could find guilt beyond a reasonable doubt.'" *Id.* (quoting *Jackson*, 443 U.S. at 317) (alterations omitted). But "a reviewing court may not 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt,' only whether '*any*' rational trier of fact could have made that finding." *Id.* (quoting *Jackson*, 443 U.S. at 319) (emphases in original).

At the outset, the court concludes again now, for the reasons set forth in its previous order denying defendant Yandell's similar motion for a new trial, (1) the government was not required to follow California pleading rules; (2) the court complied with *United States v. Adkins*, 883 F.3d 1207 (9th Cir. 2018), *United States v. Carrillo*, 229 F.3d 177, 185 (2d Cir. 2000), and other similar cases by instructing the jury to convict only if it found beyond a reasonable doubt that at least one member of the alleged conspiracies committed an overt act under California law; and (3) the court did not err in declining to list overt acts in the jury instructions and verdict form. *See generally* Order (Nov. 13, 2024), ECF No. 2483.

The court also finds its previous discussion of the relevant California law remains accurate. *See id.* at 12–14. In short, "a conviction for conspiracy requires proof that at least one of the conspirators committed an overt act in furtherance of the conspiracy." *Id.* at 12 (quoting *People v. Russo*, 25 Cal. 4th 1124, 1128 (2001)). "[A]n overt act is 'an outward act done in

3

pursuance of the crime and in manifestation of an intent or design, looking toward the accomplishment of the crime.'" *Id.* (quoting *People v. Zamora*, 18 Cal. 3d 538, 549 n.8 (1976)). "An act is 'outward' under that definition when it is 'tangible' and 'manifest[s] a criminal intention.'" *Id.* (alteration in original) (quoting *People v. Von Villas*, 11 Cal. App. 4th 175, 243 (1992)). "California courts have held that 'discussions and arrangements among conspirators' can be overt acts." *Id.* at 13 (quoting *Von Villas*, 11 Cal. App. 4th at 244–45). "In *Von Villas*, the trial court permitted the prosecution to introduce evidence about the conspirators' efforts to solicit additional co-conspirators, requests for information about the victim and the plan, payments to secure a co-conspirator's participation, and phone calls about how the conspiracy would be carried out." *Id.* (quoting 11 Cal. App. 4th at 245). "The Court of Appeal agreed this evidence could prove the defendants committed overt acts." *Id.* (citing 11 Cal. App. 4th at 245).

Here, as summarized above, the government offered evidence at trial showing Yandell and Troxell believed Mickey had not abided by the gang's rules and relied on this belief as their justification for directing his murder. The government also offered evidence showing Yandell and Troxell spoke about their plan as it was underway, solicited the participation of a co-conspirator, and spoke with this co-conspirator about who would commit the murder and when. Troxell, through his attorney, was able to test and challenge this evidence when the government presented it at trial. When the evidence is viewed in the light most favorable to the prosecution, as it must be at this stage, *see Nevils*, 598 F.3d at 1164, it would allow a rational trier of fact to find beyond a reasonable doubt that Troxell conspired to murder Mickey. *See, e.g.*, *United States v. Gonzalez*, 612 F. App'x 433 (9th Cir. 2015) (unpublished) (applying relevant California law in similar case); *People v. Sconce*, 228 Cal. App. 3d 693 (1991) (rejecting defendant's arguments that "overt acts must constitute decisive steps toward the commission of the crime" and that he had merely discussed and investigated potential murder rather than undertaking any overt acts). The court disagrees with Troxell that the government did not prove there were any overt acts after the necessary agreement was formed.

The court also rejects Troxell's argument that he cannot have joined a conspiracy because Burhop, a crucial member, never actually intended to commit the alleged murder. The court

4

instructed the jury it could convict only if the members of the alleged conspiracies "had an agreement and intent to commit murder." Final Jury Instr. No. 36. The government offered evidence that could show Burhop was reluctant to complete the alleged murders, strongly preferred not to, and intended to avoid murder if possible, but understood nonetheless he would have to go through with the murder if all else failed. *See* Opp'n at 23 (citing trial transcript). The government also advocated this interpretation of the evidence pointedly in its closing argument. *See* Trial Tr. Day 32 (Apr. 22, 2024) at 81; Trial Tr. Day 33 (Apr. 23, 2024) at 113. As this court explained in its previous order, "[c]ourts have long recognized that this type of pressure—to continue, to go along, not to question—is one reason why conspiracies are dangerous." *See* Order (Nov. 13, 2024) at 18. A rational fact finder could thus agree with the government on this record that Burhop had the necessary intent.

For these reasons, Troxell's motion for a judgment of acquittal or a new trial (ECF No. 2378) is **denied**.

IT IS SO ORDERED.

DATED: October 28, 2025.

_____
SENIOR UNITED STATES DISTRICT JUDGE