LAW OFFICE OF TODD D. LERAS
Todd D. Leras, CA SBN 145666
455 Capitol Mall, Suite 802
Sacramento, California 95814
(916) 969-9370
toddleras@gmail.com
Attorney for Defendant
DANNY TROXELL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>DANNY TROXELL,<br><br>        Defendant. | Case No.: 2:19-cr-0107 KJM<br><br>MOTION TO WITHDRAW AS COUNSEL OF RECORD DUE TO CONFLICT OF INTEREST, OR IN THE ALTERNATIVE, FOR APPOINTMENT OF ADVISORY COUNSEL TO ADDRESS WHETHER A CONFLICT OF INTEREST EXISTS<br><br>DATE: NOVEMBER 4, 2025<br><br>TIME: 10:00 A.M.<br><br>COURT: HON. KIMBERLY J. MUELLER |

   Attorney Todd D. Leras, appointed counsel for Defendant Danny Troxell in the above-entitled action, hereby gives notice that he requests to withdraw from this matter due to the

MOTION TO WITHDRAW

Court's identification of an apparent non-waivable conflict of interest. On October 29, 2025, this Court entered an Order (ECF Entry 2821), filed provisionally under seal[1], denying Troxell's post-trial request for specific relief[2] (ECF Entry 2799 – Under Seal).

The Order, at page 9, lines 9 through 19, introduces a matter which, if believed to be true, constitutes a non-waivable conflict of interest under California Rule of Professional Conduct 1.7(a) and (b) (prohibiting a lawyer's representation if directly adverse to a client). Specifically, the Order sets out factual analysis and conclusions which suggests that counsel may be materially limited in advocating for Mr. Troxell based on counsel's own interests[3].

A lawyer owes the client undivided loyalty and must be capable of competently advancing the client's interests without the infirmity of an adverse interest. *See Gilbert v. Nat'l Corp. for Housing Partnerships,* 71 Cal. App. 4th 1240, 1254 (1999); *see also Klemm v. Superior Court,* 75 Cal. App.3d 893, 901-02 (1977) (written waiver is not facially effective if circumstances objectively call into question lawyer's ability to represent competing client interests).

Counsel believes the disputed portion of the Order is clearly erroneous and unsupported by facts within the record. Nevertheless, the Court's analysis presumes a factual circumstance,

---

[1] The Order directed the parties to meet and confer as to what portions of the Order might be filed on the public docket. (page 12, lines 17-21). The parties are presently engaged in discussions regarding the scope of potential redactions. Troxell's counsel, through an email to government counsel, requested unsealing of the entire Order. The government is presently reviewing the Order to determine what portions it desires to redact or remain sealed.

[2] The documents relating to Troxell's request for post-trial relief were also filed under seal.

[3] Given the current status of the Order as being "provisionally sealed", counsel is presently restricted in publicly discussing the ethical dilemma stemming from the identified language. Counsel reserves the right to present additional evidence and argument following the public release of the Order (or portions of the Order).

MOTION TO WITHDRAW

and inferences based on it, which places counsel into an ethical dilemma.  Counsel therefore requests, as an alternative to withdrawal, that an advisory attorney be appointed to review the record and determine whether a non-waivable conflict of interest exists.  Counsel believes that such review is, at a minimum, necessary to ensure that Danny Troxell receives the benefit of undivided loyalty from his present counsel prior to sentencing in this matter.

     Respectfully submitted,

DATED:  November 4, 2025

By    */s/ Todd D. Leras*
      TODD D. LERAS
      Attorney for Defendant
      DANNY TROXELL

MOTION TO WITHDRAW