UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| United States of America, | No. 2:19-cr-00107-KJM |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| Daniel Troxell, | |
| Defendant. | |

       Todd Leras, counsel for defendant Daniel Troxell, moves to withdraw from the representation based on a conflict of interest. *See* Mot. Withdraw, ECF No. 2824. In the alternative, he requests "an advisory attorney be appointed to review the record and determine whether a non-waivable conflict of interest exists." *Id.* at 3. The court held a hearing on November 12, 2025. The government, represented by Jason Hitt at the hearing, did not file a written opposition but made limited arguments in opposition to the motion orally.

       As clarified at hearing, Mr. Leras's motion is based on California Rule of Professional Conduct 1.7(b). Under that rule, as applicable here, "[a] lawyer shall not, without informed written consent from each affected client[1] . . . represent a client if there is a significant risk the

---

[1] Section 1.7(b) also requires "compliance with paragraph (d)," which in turn requires "(1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (2) the representation is not prohibited by law; and (3) the

1

1  lawyer's representation of the client will be materially limited . . . by the lawyer's own interests."
2  Cal. R. Prof. Conduct 1.7(b).  Mr. Leras explained at hearing that his motion was prompted by
3  what he characterized as a "finding" in a recent court order: that evidence introduced at trial could
4  implicate Mr. Troxell in an Aryan Brotherhood conspiracy to murder Mr. Leras himself.
5  Mr. Leras believes any such finding is "clearly erroneous," Mot. Withdraw at 2, but he is
6  concerned the order creates at least the appearance of a conflict.

7      In the order in question, the court denied Mr. Troxell's motion for a new trial under *Brady*
8  *v. Maryland*, 373 U.S. 83 (1963).  *See* Prev. Order (Oct. 29, 2025), ECF No. 2821 (under seal);
9  *see also* Redacted Order, ECF No. 2828.  Troxell had contended in that motion that the
10 government had wrongfully withheld evidence showing his codefendants were planning to
11 murder Mr. Leras, and specifically that the government withheld the evidence at a critical time
12 that was shortly before Mr. Leras gave his closing argument at trial on Troxell's behalf.  *See* Prev.
13 Order at 6, 8.  In Mr. Leras's view, this new evidence could have reinforced his argument at trial
14 that Mr. Troxell was not part of the Aryan Brotherhood racketeering conspiracy charged in the
15 indictment; if he were, then it would not have targeted Troxell or his attorney.  *See id.* at 8, 9.
16 The court found the government did not violate the *Brady* rule because, among other reasons,
17 Troxell did not show the undisclosed evidence was favorable to him.  *See id.* at 8–10.  But the
18 court did not reach this conclusion because the new evidence might show Mr. Troxell was part of
19 a plan to murder Mr. Leras.  Instead, the court explained that if the undisclosed evidence had been
20 disclosed at trial, based on everything before the court with respect to the motion for a new trial,
21 the government would likely have elicited testimony naming a former gang member and
22 cooperating witness as the intended target, not Mr. Leras.  *See id.* at 9.  The government could
23 then have argued—as it signaled it would have in its opposition brief—the murder conspiracy
24 actually inculpated Mr. Troxell as much as his codefendants.  *See id.*  It was this latter
25 observation, made in a single sentence, that Mr. Leras says prompted his motion to withdraw.[2]

---

representation does not involve the assertion of a claim by one client against another client
represented by the lawyer in the same litigation or other proceeding before a tribunal."

    [2] Although Mr. Leras's motion cites lines 9–19 on page 9, he highlighted lines 16–17
specifically at hearing.

1  *See id.* at 9:16–17.  The government already had introduced evidence a reasonable jury could
2  interpret as demonstrating that Mr. Troxell was within the Aryan Brotherhood's leadership and
3  had used violence to punish gang members who violated its rules.  *See id.*; *see also* Order
4  (Oct. 29, 2025), ECF No. 2819 (summarizing trial evidence).  As Mr. Leras himself has put it,
5  one of the gang's "cardinal" rules is not to cooperate with law enforcement.  *See id.* at 3, 8–9.

6      Given Mr. Leras's arguments at hearing on the current motion, the court has carefully
7  reviewed, again, its prior order denying the motion for a new trial.  The court is satisfied not only
8  that it did not intend to, nor did it, imply in the previous order that Mr. Troxell was part of a plan
9  to murder his own lawyer.  To the extent he has read the order differently, Mr. Leras has
10 misinterpreted that order.  Nor did the court make any factual findings, nor introduce any
11 information or arguments that were not already in the record.  Rather, in explaining its decision,
12 the court analyzed arguments the government had made in opposition to Mr. Troxell's *Brady*
13 motion and the evidence both parties presented.  *See, e.g.*, *id.* at 8–10, (citing Opp'n New Trial
14 Mot. at 5–6, ECF No. 2808-1).

15     In sum, the record does not support any conflict of interest that might prevent Mr. Leras
16 from continuing to represent Mr. Troxell in this matter, and certainly no new conflict arising from
17 a brief passage in a prior court order that justifies allowing withdrawal at such a late date.  The
18 motion to withdraw (ECF No. 2824) is **denied**.

19     IT IS SO ORDERED.
20 DATED:  November 13, 2025.

                                                                  SENIOR UNITED STATES DISTRICT JUDGE